IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:25-CR-226-Y |
| CHRISTOPHER BRANDON JUDGE (01) | |

### PLEA AGREEMENT WITH WAIVER OF APPEAL

Christopher Brandon Judge (the defendant), the defendant's attorney, Joshua Rhodes, and the government, agree as follows:

1.  **Rights of the Defendant**: The defendant understands that he has the right:

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to have his guilt proven beyond a reasonable doubt;

    d.  to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.  against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**: The defendant waives these rights, waives any defenses he may have based on any statute of limitations, waives the right to receive any further discovery from the government, and pleads guilty to the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 1349, that is, conspiracy to commit wire fraud (18 U.S.C. § 1343). The defendant understands the nature and elements of the crime to which he is pleading guilty and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose are as follows:

   a.  imprisonment for a period not more than 20 years;

   b.  a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victims;

   c.  a term of supervised release of up to three years which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

   d.  a mandatory special assessment of $100;

   e.  restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct of the scheme to defraud, not limited to that arising from the offense of conviction alone; and

   f.  costs of incarceration and supervision.

4. **Immigration consequences:** The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead

guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5.  **Sentencing agreement:**  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the appropriate sentencing range for the defendant should be no more than 78 months of imprisonment. If the Court accepts this plea agreement, this sentencing provision is binding on the Court. Other than the agreed sentencing range, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

6.  **Rejection of agreement:**  Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw the defendant's guilty plea. If the defendant declines to withdraw the defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

7.  **Defendant's agreement.**  The defendant shall not knowingly provide false information to the U.S. Probation Office (USPO), the Court, or the government relating to the offense(s) of conviction and all relevant conduct, or any information the defendant must provide related to this agreement.

8.  **Mandatory special assessment:**  The defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

9. **Restitution.** Pursuant to 18 U.S.C. §§ 3663A and 3663(a)(1)(A), the defendant agrees to pay restitution for losses resulting from all of his criminal conduct, including all relevant conduct and other criminal conduct related or similar to the offense of conviction, as determined by the Court. The defendant further understands and agrees that restitution will not be limited to losses stemming from the offense of conviction alone. The defendant agrees to cooperate fully in the identification of assets to be applied toward restitution. The defendant's agrees to cooperate with the government. The defendant understands that the cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addendums to said form deemed necessary by the government, within ten days of the guilty plea hearing; (B) submitting to a financial deposition or interview (should the government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within his possession or control requested by the government regarding his financial condition; and (D) fully and truthfully answering all questions regarding his past and present financial condition in such interview(s).

10. **Defendant's cooperation with financial investigation:** To assist in the collection of fines and restitution, the defendant shall, upon demand, submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by

the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy his full and immediately enforceable financial obligation. The defendant understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

11. **Defendant's testimony**: The defendant is not obligated by this agreement to testify in any criminal proceeding related to this case, nor is the defendant required to provide testimony concerning any other criminal offenses about which he has knowledge. If he chooses to do so, however, his testimony must be complete and truthful. Incomplete or dishonest testimony will be a breach of this agreement.

12. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty.

13. **Violation of agreement**: The defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to

the use against him of any information or statements he has provided to the government, and any resulting leads.

16. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

15. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, the defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, order of restitution, and order of forfeiture. The defendant further waives his right to contest his conviction, sentence, fine, order of restitution, and order of forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of

this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

17. **Limitation of Agreement**: This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

18. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 29 day of December, 2025.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
CHRISTOPHER BRANDON JUDGE
Defendant

_____
MARK MCDONALD
Assistant United States Attorney
Virginia Bar No. 72198
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone:   817-252-5200
Email: mark.mcdonald3@usdoj.gov

_____
JOSHUA RHODES
Attorney for Defendant

_____
For ALEX LEWIS
Branch Criminal Chief

Plea Agreement - Page 7

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____  12/18/2025
CHRISTOPHER BRANDON JUDGE   Date
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____  12/18/2025
JOSHUA RHODES                Date
Attorney for Defendant

Plea Agreement - Page 8