IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.   No. 4:25-CR-226-Y

CHRISTOPHER BRANDON JUDGE (01)

## FACTUAL RESUME

INDICTMENT:

Count One:   The defendant is pleading guilty to Count One of the Indictment, which charges conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.

Penalties:

The penalties the Court can impose on Count One include:

a. imprisonment for a period not more than 20 years;

b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victims;

c. a term of supervised release of up to three years which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

d. a mandatory special assessment of $100;

e. restitution to victims or to the community, which may be mandatory under the law, and which may include restitution arising from all relevant conduct of the scheme to defraud, not limited to that arising from the offense of conviction alone; and

f. costs of incarceration and supervision.

ESSENTIAL ELEMENTS OF THE OFFENSE:

To establish the offense alleged in Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

*First*:    That two or more persons made an agreement to commit the crime of wire fraud as described below;

*Second:*    That the defendant knew the unlawful purpose of the agreement; and

*Third:*    That the defendant joined in the agreement with the intent to further the unlawful purpose.

The elements of wire fraud—the object of the offense—are as follows:

*First:*    That the defendant knowingly devised or intended to devise a scheme or artifice to defraud, as described in the Indictment;

*Second:*    That the scheme to defraud employed materially false and fraudulent pretenses, representations, and promises;

*Third:*    That the defendant transmitted or caused to be transmitted by means of wire communication in interstate commerce, any writing, sign, signal, picture, or sound for the purposes of executing such a scheme; and

*Fourth*:    That the defendant acted with a specific intent to defraud.

STIPULATED FACTS:

The defendant stipulates that the following facts are true and correct:

1.    **Christopher Brandon Judge**, defendant, is a current resident of Fort Worth, Texas. Judge DFW LLC ("Judge DFW") was a limited liability company that was registered to do business in Texas, beginning on August 7, 2020. **Judge** was a managing member for Judge DFW. On or about June 24, 2022, Judge DFW forfeited its registration to do business in Texas as an LLC.

2.    From in or about August 2020, and continuing until in or about January 2023, in the Fort Worth Division of the Northern District of Texas and elsewhere, defendant **Judge** and others, by and through the entity, Judge DFW, did knowingly and willfully combine, conspire, confederate and agree with each other to engage in a scheme to defraud victims and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises with the intent to defraud those victims and, for the purpose of executing the scheme and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce certain signals

**Factual Resume - Page 2**

and sounds in violation of 18 U.S.C. § 1343, and in furtherance of that scheme caused the transmission of interstate wire communications between Texas and Illinois, and other states through electronic means (e.g., emails, text messages, and Facebook, Instagram and TikTok posts and messages), and banking transactions.

3. Specifically, it was part of the conspiracy and scheme to defraud for **Judge** and others, to advertise their business, Judge DFW, using Facebook, Instagram and TikTok posts and messages. The relevant posts and messages represented that they owned a custom home building and remodeling business. The defendant purported to offer architecture, construction, and interior design/décor services, and falsely represented that he was an architect.

4. It was further part of the conspiracy and scheme to defraud that once a potential customer contacted Judge DFW and expressed interest in building a home or remodeling, **Judge** and others would submit a below-market bid for the project, promising completion within four to six months. Once the customer agreed to hire the defendant and others, the customer would sign a contract and pay the defendant and others in multiple installments via wire transfer or check, thus causing interstate wire transmissions.

5. It was further part of the conspiracy and scheme and artifice to defraud that, from at least in or about August 2020, and continuing until in or about January 2023, **Judge** and others defrauded over 40 victims, who resided in six counties within the Northern District of Texas, related to at least 24 construction projects.

6. It was further part of the conspiracy and scheme to defraud that on or about October 2, 2020, **Judge** and others opened Chase account x6359 ("the primary Judge DFW operating account"), in their names as a business checking account for Judge DFW. **Judge** and his wife were both account signatories.

7. It was further part of the conspiracy and scheme and artifice to defraud that **Judge** and others expressly told relevant victims, often in emails or text messages, that they were a one-stop-shop for custom home building, purporting to offer architecture, construction, and interior design/décor services. **Judge** and others each falsely represented that Christopher Judge was an architect. As a result, in May 2022, the Texas Board of Architecture issued a formal warning to **Judge** and Judge DFW informing them both that they violated the Texas Administrative Code by referring to **Judge** as an architect and describing the business as "Judge DFW Architecture" in representations to the public because neither the individual nor the entity were properly registered as an architect or an architect business in Texas, respectively.

8.      It was further part of the conspiracy and scheme and artifice to defraud that the between on or about the dates shown in the chart below, **Judge** and others attempted to execute Judge DFW Design and Build Contracts with each of the victims shown in the chart below, after having falsely represented to the victims that they were a full service architectural, construction, and interior design firm. **Judge** and others started each of the construction projects listed in the chart below and accepted multiple installment payments but never completed them, as shown in the chart below:

| Victims | Location of Relevant Project in Texas | Approx. Contract Date | No. of Installment Payments | Approx. Total Amount of Payments to Defendants |
|---|---|---|---|---|
| Individual L1 & Individual L2 | Van Alstyne | 12/28/20 | 7 | $225,470 |
| Individual Q1 & Individual Q2 | Colleyville | 2/5/21 | 2 | $10,300 |
| Individual M1 & Individual M2 | Stephenville | 3/14/2021 | 2 | $51,995 |
| Individual D1 & Individual D2, Individual Y1 & Individual Y2 | Euless | 4/1/21 | 7 | $196,705 |
| Individual R & Individual S | Justin | 6/16/21 | 9 | $262,240 |
| Individual Z1 & Individual Z2 | Decatur | 11/15/21 | 12 | $364,310 |
| Individual U1 & Individual U2 | Cleburne | 11/17/21 | 6 | $198,510 |
| Individual P1 & Individual P2 | Decatur | 12/30/21 | 4 | $125,309 |

In violation of 18 U.S.C. § 1349.

SIGNED on this 18th day of DECEMBER, 2025.

_____
CHRISTOPHER BRANDON JUDGE
Defendant

_____
JOSHUA RHODES
Attorney for Defendant

Factual Resume - Page 4