# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:25-CR-226-Y(1) |
| | Mark McDonald, assistant U.S. attorney |
| CHRISTOPHER BRANDON JUDGE | Joshua S. Rhodes, attorney for the defendant |

On December 30, 2025, the defendant, Christopher Brandon Judge, entered a plea of guilty to count one of the seven-count indictment. Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1349 (18 U.S.C. § 1343) | Conspiracy to Commit Wire Fraud | January 31, 2023 | 1 |

The defendant is sentenced as provided in pages two through five of this judgment. The sentence is imposed under Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission under Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 for count one of the seven-count indictment.

Upon motion of the government, counts two through seven of the seven-count indictment are dismissed as to this defendant only.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed September 1, 2026.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed September 3, 2026.

## IMPRISONMENT

The defendant, Christopher Brandon Judge, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 78 months on count one of the seven-count indictment.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2 p.m. on November 2, 2026, as notified by the United States marshal or as notified by the probation office.

The Court recommends that the defendant be incarcerated at FCI-Seagoville, Seagoville, Texas, if possible, but failing that, be incarcerated at another low or minimum security federal correctional facility in the Northern District of Texas.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 2 years on count one of the seven-count indictment.

While on supervised release, the defendant shall comply with the following conditions:

1. The defendant shall report to the probation office in the federal judicial district where he is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the Court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the Court or the probation officer.

4. The defendant shall answer truthfully any questions asked by the probation officer.

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he lives or anything about his living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit the defendant at any time at his home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer relating to the conditions of supervision.

14. The defendant shall not commit another federal, state or local crime.

15. The defendant shall not unlawfully possess a controlled substance.

16. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

17. The above drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

18. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

19. The defendant shall make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.

20. The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

21. The defendant shall provide to the probation officer complete access to all business and personal financial information.

22. The defendant shall not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the probation officer.

23. The defendant shall pay any remaining balance of restitution as set out in this judgment.

24. The defendant shall not incur new credit charges or open additional lines of credit, either as a principal or cosigner or through any corporate entity, without approval of the probation officer.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration in addition to mandatory restitution.

The defendant is ordered to make restitution, jointly and severally with co-defendant Raquelle Ann Judge, case no. 4:25-CR-226-Y(02), in the amount of $2,794,680.73. Restitution shall be paid to the U.S. District clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673, for disbursement to:

JONATHAN ANDERSON
$0

LANCE AND KANDIS AUTREY
$230,000

ERIC AND ERICA BERKEBILE
$14,216

CHELLE AND MIKE BISH, KALIE AND LANE SIMMONS
$196,330

JEREMY AND SAMANTHA CONGLETON
$232,927

BRAD AND KATE COOPER
$66,000

SHARON AND ALLEN GRAY
$177,476.23

COLE AND HEATHER GRAY
$189,993

GITAL HARLAP
$0

AMBER AND JULIAN HINOJOSA
$34,219.18

JAMES AND BRAD HOPKINS
$27,000

CASEY AND JENNA HOWARD
$259,558.51

SHERRI AND MICHAEL KUEBLER
$62,794.06

SAM AND JULIE LEWIS
$24,444

JARED AND KRISTAL MAY
$151,930

MIKE AND NICOLE MCLAIN
$125,309

MATT AND ASHLEY MIHELICH
$58,074.67

PAUL MORAN AND SOYLA GALAN
$125,900

KRISTIN AND MIKE NEWMAN
$175,000

ALON NIV AND LEE LANIR
$24,000

TIFFANY AND MARK RONDEAU
$153,686.08

KEITH AND KRISTIN STEPHENSON
$465,823

DEREK AND JESSICA WILFONG
$0

Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $2,794,680.73 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $100 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

This payment schedule does not affect the enforceability of the restitution order and the continuing obligation of the defendant to pay restitution in full as soon as possible. Nothing in this order shall be construed to limit the ability of the U.S. Attorney's Office to fulfill its statutory obligation to enforce restitution under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., or under any other statutory provision, during supervision or after release.

However, no restitution shall be payable during incarceration from funds deposited into the defendant’s inmate trust account or paid to the defendant for work performed during incarceration.

## RETURN

I have executed this judgment as follows:

________________________________________________________________

________________________________________________________________

________________________________________________________________

Defendant delivered on ________________________ to ________________________________

at ____________________________________________________, with a certified copy of this judgment.

________________________________
United States marshal

BY _____________________________
deputy marshal